Curia, for Fe,ost, J.
The rule affirmed in Edings v. Brown, is stated by the Circuit Judge with precision in its application to this case, when he instructed the jury that “if one sign a note or endorse a bill, as agent, when he is not agent, he is personally liable, although he do so bona fide, and does no other act to deceive or mislead the person with whom he deals-, except by the assumption of agency, when he is not agent.” In an action by the plaintiff against Johnson as endorser of the draft, which is the subject of this action against the defendant, it was decided that Wray had no authority to endorse Johnson’s name to a draft, for the accommodation of Holmes. It was on' the security of that endorsement the plaintiff discounted the draft of Holmes.
By the first ground of appeal, the defendant would exempt himself from personal liability, on account of his unauthorized endorsement, because he says he acted under an innocent mistake, and that Hutchinson was not misled by any untruth or wilful misrepresentation, proceeding from him.
As to the excuse of innocent mistake, it cannot be credited that Wray was ignorant that the authority confided to him to use Johnson’s name, was given only for Johnson’s benefit in *91 the course of his business; and not for the convenience of Wray’s friends, or for his own. It may be true that inson was not misled by any misrepresentation of Wray; nor is that material. But was he not misled? Holmes says that, having bought cotton from Wray, as agent of Johnson, and Wray wanting the money, he applied to Hutchinson to pay his check, on the deposit" of the cotton bills and receipts, until Mims, his endorser, should return to town. Hutchinson replied, if Wray wants the money, let him endorse your draft, as the agent of Johnson, and he shall have it. This was a legitimate transaction and within Wray’s agency. But Holmes drew a bill.for the amount due to Wray and for other parcels of cotton also. Wray put Johnson’s endorsement on this bill, for the accommodation of Holmes, until Mims should return, when a bill, with Mims’ endorsement, was to be substituted for it. Hutchinson discounted the bill. There is no evidence that Hutchinson was informed the bill was drawn for more than was due to Wray.
Under these circumstances the void endorsement of Johnson was imposed on the plaintiff. The injury proceeded from the act of the defendant. He would evade liability under the plea of innocent mistake. In a moral sense, the act of the defendant may have been innocent; for he had no design or apprehension of mischief to his principal. But in its practical effect it was not innocent. The defendant acted with culpable inadvertence and incautiousness in the use of the power confided to him, and thereby caused an injury to the plaintiff. The law is well stated in Smout v. Ellery, which was a case reserved and decided after careful consideration. When the agent has no authority, and knows it, he is plainly liable for the consequences of the act he had no authority to do. This is, in fact, Wray’s case. But even when the agent, bona, fide, believes he has authority to contract, and has not, he is still personally liable. In such case, it is true, the agent is not actuated by any fraudulent motive, nor has he made any statement which he knows was" untrue. But his liability depends on the same principle as in the first case. It is a wrong, differing only in degree, and not in its essence, to state as true, what the individual, making such statement, does not know to be true, even though he does not know it to be ialse; and if that wrong produces injury to a third person, who is ignorant of the grounds on which the belief of the supposed agent is founded, and who has relied on the correctness of his assertion', it is equally just that he who makes such assertion should be personally liable for the consequences. The case of Polhill v. Walter is also an authority show that falsehood and deceit are not necessary to charge an agent personally with- a contract he had no authority to
*92 ^ ^ acti°n were on th2 bill of exchange alone, the defendant could take no exception to a want of demand and notice, which he waived when, with a full knowledge of the failure of Holmes & Sinclair, and of all the circumstances which might affect his liability, he gave his note for the amount of the draft, interest and damages,
But bill was> hi ^act) taken UP and the note substituted for it. A receipt for the note was endorsed on the draft, and Holmes confessed judgment on the note to secure the endor-The 0pjeC(; 0f notice to parties, secondarily liable on a bill, that they may take measures for their protection, was accomplished, when Hutchinson and defendant and Holmes agreed that the note should be given and Holmes confess judgment on it for the security of the endorser.
Although the plaintiff was under no legal obligation to present the bill immediately for acceptance, the doing so was a use of diligence beneficial to the parties to it. If the bill were accepted, the security of another and the principal party would be added to the instrument; and if the drawees should refuse to accept, early notice of non-acceptance would give the other parties a better opportunity to protect themselves. By forwarding the bill for acceptance the plaintiff did not obstruct the substitution of another bill, with Britton Mims’ endorsement. If it had been offered, the plaintiff might have procured the draft from the agent in Savannah, to be surrendered according to agreement. But the bill never was tendered; and that is conclusive of any defence which may be rested on the agreement for substitution.
The last ground of appeal is unfounded. The time for tho 0f the note was not extended when judgment was confessed, with a stay of execution which expired before the time when, in the regular progress of a suit against Holmes, execution might have been recovered,
The motion is refused.
The whole Court concurred.
Motion refused.